IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00180-BNB

JUAN ZAVALA

Plaintiff,

v.

RANDY DAVIS, ADX Warden, and
HARLEY LAPPIN, F.B.O.P. Director,

Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 16 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Juan Zavala, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Zavala, acting *pro se*, has filed a Prisoner Complaint pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau***, 403 U.S. 388 (1971). The Court must construe the Complaint liberally because Mr. Zavala is a *pro se* litigant. See ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See ***Hall***, 935 F.2d at 1110. For the reasons stated below, Mr. Zavala will be ordered to file an Amended Complaint.

The Court has reviewed the Prisoner Complaint filed by Mr. Zavala and finds that it is deficient. Personal participation is an essential allegation in a civil rights action. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Zavala must show that each named defendant caused the

deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Zavala fails to assert how Defendants Randy Davis and Harley Lappin personally participated in the alleged constitutional violations. Therefore, he will be directed to file an Amended Complaint that alleges proper personally participation by a named defendant. The Amended "[C]omplaint must explain what [the] defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Zavala file an Amended Prisoner Complaint that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Zavala, together with a copy of this Order, two copies of the Prisoner Complaint form for use in filing the Amended Prisoner Complaint. It is

FURTHER ORDERED that if Mr. Zavala fails to file an Amended Prisoner Complaint that complies with this Order, within the time allowed, the action will be dismissed without further notice.

DATED February 16, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00180-BNB

Juan Zavala
Reg. No. 10296-045
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 2/16/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk